UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Joan L. Bryant | ) | |
| **Plaintiff(s)** | ) | Civil Case No.: 5:24-cv-1119 (DNH/MJK) |
| | ) | |
| vs. | ) | CIVIL COMPLAINT |
| Syracuse University, | ) | PURSUANT TO |
| A/K/A, The Trustees of Syracuse University | ) | TITLE VII OF THE |
| **Defendant(s)** | ) | CIVIL RIGHTS ACT, AS AMENDED |

Plaintiff(s) demand(s) a trial by: ✔ JURY ☐ COURT (Select **only** one).

## JURISDICTION

1. Jurisdiction is conferred on this court pursuant to 42 U.S.C. § 2000e-5.

## PARTIES

2. Plaintiff: Joan L. Bryant

   Address: 2677 E. Genesee St

   Syracuse, NY 13224

   Additional Plaintiffs may be added on a separate sheet of paper.

3. a. Defendant: Syracuse University

   Official Position: Trustees of Syracuse University

   Address: 900 South Couse Avenue

   Syracuse University

   Syracuse, NY 13244

    b.    Defendant: _____

        Official Position: _____

        Address: _____

_____

_____

4. This action is brought pursuant to:

    [✔] Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. § 2000e *et seq.,* and the Civil Rights Act of 1991, for employment discrimination based on race, color, religion, sex or national origin.

    [ ] Pregnancy Discrimination Act of 1978, codified at 42 U.S.C. § 2000e(k), as amended, Civil Rights Act of 1964, and the Civil Rights Act of 1991, for employment discrimination based on pregnancy.

5. Venue is invoked pursuant to 28 U.S.C. s 1391.

6. Defendant's conduct is discriminatory with respect to the following (check all that apply):

    (A) [✔] My race or color.
    (B) [ ] My religion.
    (C) ___ My sex (or sexual harassment).
    (D) [ ] My national origin.
    (E) [ ] My pregnancy.
    (F) [ ] Other: _____.

7. The conduct complained of in this action involves:

    (A) [ ] Failure to employ.
    (B) [ ] Termination of employment.
    (C) [ ] Failure to promote.
    (D) [ ] Unequal terms and conditions of employment.
    (E) [ ] Reduction in wages.
    (F) [✔] Retaliation.
    (G) [ ] Other acts as specified below:

_____

_____

8. **FACTS**

Set forth the facts of your case which substantiate your claims. List the events in the order they happened, naming defendants involved, dates and places.

**Note: You must include allegations of wrongful conduct as to EACH and EVERY defendant in your complaint.** (You may use additional sheets as necessary).

BACKGROUND

1. In the fall semester of the 2022-2023 academic year, I, Joan Bryant began chairing a search committee for a faculty specialist in twentieth to twenty-first-century African American literature for the African American Studies Department ("AAS" or "the Department"). Since joining the SU faculty as an associate professor of African American Studies in August, 2007, she had chaired and served on several faculty search committees in AAS and in the Departments of History and Religion Departments.

2. The new AAS search was a step toward what Dr. Lois Agnew, (then) Associate Dean of Arts & Sciences (CAS), called "rebuilding" the Department. It was a development she expressly supported the previous year while also serving as interim AAS Department Chair. She reported an "anticipation" of two consecutive years of new AAS hires to rebuild, which would fill curricular gaps that left some required courses untaught or handled on an ad hoc basis, sometimes by individuals with limited expertise, and contributed to uneven teaching loads in the Department.

3. The search for the literature position ended in April 2023, with the top ranked candidate – an African American woman – declining her job offer and the second-ranked candidate – a White British woman subsequently accepting the position.  Through email records of the offer process and conversations with the candidates, the AAS Department chair, Vlad Dima, and with Lois Agnew, who oversaw his handling of the offer, I learned that the African American candidate had been subjected to less favorable and deceptive treatment in the offer process. Dima, with Agnew's oversight, gave her a short decision time frame – the University's Spring Break when the capacity for negotiations was diminished. When she indicated that she would need more time to explores options for he partner, Dima sent an email with a baseless suggestion that extended time could put the search at risk of failure, inducing her to adhere to the time he set. He and/or Agnew withheld available information about a possible position for her partner – an issue she had identified as critical to her decision process. In contrast, the White candidate was initially given two weeks to decide, received unsolicited job leads for her

partner from Agnew's office, and was granted two additional extensions to sign the contract after giving non-binding verbal acceptance. Meanwhile, the third-ranked candidate - another African American woman – was left waiting for news about her status.

4. On May 30, 2023, I reported what I learned about the situation via two nearly simultaneous internal complaints.  I asked Jamie Winders, Associate Provost for Academic Affairs, who oversees faculty hiring, to investigate possible violations of the SU Code of Ethical Conduct. I referenced concerns about ethical and procedural irregularities, noting intentional omissions of material fact, deception, misrepresentations of fact to induce candidate compliance and dishonesty.  To address the disparate treatment I perceived between the offer processes of the first and second candidates, I filed a discrimination complaint with SU Office of Equal Opportunity, Inclusion, and  Resolution Services (EOIRS).

5. Retaliatory actions began on the heels of my complaints. Jamie Winders promptly dismissed my complaint, noting that she saw no grounds for an investigation. She also ignored my repeated requests for a copy of review procedures, which are promised on the University page on faculty misconduct. She then collaborated with the lead EOIRS attorney, whom she also oversees, University lawyers, and the (then) Provost to present a unified administrative front to thwart my complaints. After validating Winders's decision, which I had appealed and continuing to withhold information about procedures, the Provost invited me to meet with Winders and the three lawyers about a unspecified matters. I declined, fearful that they might attempt to coerce me to withdraw my complaints or leave the University.

6. EOIRS continued the retaliatory action by handling my case with practices that did not consistently adhere to SU or federal standards for addressing discrimination charges against faculty. On 12.8.2023, an EOIRS investigator I had never met notified me that the allegations I submitted on 5.30.2023 did "not rise to the level of violating a University policy." The determination reportedly stemmed from a "preliminary assessment" - an internal procedure carried out as soon as a report is received to determine if it "merits further investigation." Because the provision only applies to charges against non-faculty staff members, EOIRS incorrectly used it to review my case, in which the respondents have standing as faculty employees. Falsely relying on the assessment provided a means for EOIRS to limit the review and offer no options for appeal of the decision.

7. The office then used a different policy to organize an investigative team that interviewed the respondents, while not interviewing me or consulting me on its summary of my complaint. I discovered during the EEOC complaint process that the legal staff falsified my complaint, removing the reference to disparate treatment and adding an allegation that is not about

discrimination and which I did not make in my EOIRS complaint.  The action interfered with my access to a process that meets the EEOC standard of a "prompt, thorough, and impartial investigation." It employed inapplicable and inequitable procedures and made false statements to render my efforts to exercise federally protected opposition to employment discrimination futile.

8. Other administrative actions extended the impact of retaliatory actions to the AAS Department. In the weeks following my EOIRS complaint, Lois Agnew's support for two faculty lines she had advised the department to submit disappeared. She and other administrators supported Vlad Dima's decision to leave AAS for a position in another SU department. I, January 2024, days after I filled an EEOC complaint, the new CAS dean declared that AAS would have no department chair for the spring 2024 semester.  This unprecedented action left my colleagues and me with no representation at the University and no channels for receiving information about requirements or deadlines. The chair's work of submitting items required by the administration had to be done by individual faculty, including me, without pay.

9. Although this humiliating and burdensome situation might not have directly stemmed solely from my complaints, it became an occasion for the Provost to publicly disparage the department in the University Senate and email communications that misrepresented the entire unit. It added to the hostile work environment I had not experienced before complaining about discriminatory actions.

**9.**                             **CAUSES OF ACTION**

**Note: You must clearly state each cause of action you assert in this lawsuit.**

**FIRST CAUSE OF ACTION**

The retaliation I have experienced  as a result of  exercising my protected right has  led to bouts of insomnia, high blood pressure which, as a devout yoga practitioner, I never before experienced (and struggled to get under control).   This "new normal" of toxicity is stressful and has forced me to consider leaving my job.   The sense of dread and fear stemming from the willful and malicious responses to my complaints undermine my ability to work effectively.

10. I filed charges with the New York State Division on Human Rights, the New York City Commission on Human Rights or Equal Employment Opportunity Commission regarding the alleged discriminatory acts on or about:


January 10, 2024
(Provide Date)

11. The Equal Employment Opportunity Commission issued a Notice-of-Right-to-Sue letter (**copy attached**) which was received by me on or about:


June 17, 2024
(Provide Date)

12. The plaintiff is an employee within the meaning of 42 U.S.C. § 2000e(f).

13. The defendant(s) is (are) an employer, employment agency, or labor organization within the meaning of 42 U.S.C. § 2000e(b), (c), or (d).

14. The defendant(s) is (are) engaged in commerce within the meaning of 42 U.S.C. § 2000e(g).

**15.** **PRAYER FOR RELIEF**

**WHEREFORE,** plaintiff(s) request(s) that this Court grant the following relief:

compensatory damages, punitive damages, legal fees and costs, and other appropriate relief

I declare under penalty of perjury that the foregoing is true and correct.

DATED:  9.12.2024

_____
Signature of Plaintiff(s)
(all Plaintiffs must sign)

02/2010



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Buffalo Local Office**
300 Pearl St, Suite 450
Buffalo, NY 14202
(716) 431-5007
Website: www.eeoc.gov

## CONCILIATION FAILURE AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B) Issued On: 06/14/2024

**To:** Dr. Joan L. Bryant
2677 E. Genesee St.
Syracuse, NY 13224

Charge No: 525-2024-00676

EEOC Representative and email:   Julie George
Equal Opportunity Investigator
julie.george@eeoc.gov

## CONCILIATION FAILURE OF CHARGE

To the person aggrieved: This notice concludes the EEOC s processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

**Maureen C. Kielt**  Digitally signed by Maureen C. Kielt
Date: 2024.06.14 18:02:01 -04'00'

Maureen Kielt
Local Office Director

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 525-2024-00676 to the

CC:

Alyssa Campbell
Syracuse University
518 Crouse-Hinds Hall
Syracuse, NY 13244

Gabriel M Nugent
Syracuse University
900 S Crouse Ave.
Syracuse, NY 13244

Rosemary Enright
Barclay Damon, LLP
200 Delaware Ave. Ste. 1200
Buffalo, NY 14202


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Yaw Gyebi, Jr., 33 Whitehall St 5th Floor, New York, NY 10004.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 525-2024-00676 to the District Director at Yaw Gyebi, Jr., 33 Whitehall St 5th Floor, New York, NY 10004.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Buffalo Local Office**

300 Pearl St., Suite 450
Buffalo, NY 14202
(716) 431-5007
TTY (716) 551-5923
Fax (716) 551-4387
Website: www.eeoc.gov

Dr. Joan L. Bryant
2677 E. Genesee St.
Syracuse, NY 13224

    Re:    EEOC Charge No.: 525-2024-00676
           Joan L. Bryant v. Syracuse University

Dear Joan L. Bryant:

We recently investigated the above-named respondent under Title VII of the Civil Rights Act of 1964, as amended, which protects individuals against discrimination based on their race of employment. We found that you were discriminated against in violation of Title VII and in retaliation for your complaints. We asked the respondent to engage in conciliation, but the Respondent failed to respond. The Commission may request relief to be provided but cannot order it.

The EEOC has decided that it will not bring a lawsuit in this case. This does not affect your right to sue under Title VII of the Civil Rights Act of 1964, as amended. However, your suit must be brought within 90 days of receipt of this letter. Otherwise, your right to sue is lost.

If you file suit, please send a copy of your court complaint to this office within 10 days. We can then preserve your file and consider your suit when taking other actions. Please call Investigator George at (716) 431-5024 if you have any questions.

On Behalf of the Commission,

Maureen C. Kielt
Digitally signed by Maureen C. Kielt
Date: 2024.06.14 18:03:30 -04'00'

Maureen C. Kielt, Director
Buffalo Local Office